UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BETTY J. DUMAS,                                    Case No. 16-cv-1187-PP

              Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

              Defendant.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT (DKT. NO. 7); GRANTING THE PLAINTIFF'S MOTION TO WITHDRAW THE MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE (DKT. NO. 13); AND GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

      Plaintiff Betty Dumas, representing herself, filed a complaint alleging that the Social Security Administration ("SSA") and the Commissioner of the SSA deprived her of her right to a "full, fair, and non-adversarial hearing" in violation of numerous laws, including the Social Security Act. Dkt. No. 1 at 1. Along with the complaint, she filed a motion asking the court to allow her to proceed without prepaying the filing fee. Dkt. No. 2.

A.    Motion for Leave to Amend Complaint

      About three weeks after she filed her complaint, the plaintiff filed a motion to amend the complaint, indicating that she'd accidentally sent in the wrong complaint, and asking to substitute it with the right one. Dkt. No. 7.

1

In mid-October, defendant Commissioner Carolyn Colvin responded to the motion. The defendant, noting that she was not waiving her right to present defenses in any future responsive pleading, indicated that she did not object to the plaintiff amending her complaint. Dkt. No. 11. The court will grant that motion, and direct the clerk to docket the amended complaint as the operative complaint.

B.    <u>Motion to Withdraw Motion for Preliminary Injunction</u>

On the same day that the plaintiff filed the motion asking for leave to amend the complaint, she filed a motion for a preliminary injunction, asking the court to require the SSA to "cease its improper and unlawful withholding" of her SSI award and appeal and application for benefits. Dkt. No. 8.

The defendant asked the court to deny the plaintiff's motion for a preliminary injunction. Dkt. No. 12. In particular, the defendant explained that while the defendant did not have all of the facts, it appeared possible that the SSA had not yet actually denied the plaintiff's application for benefits. The defendant explained that the plaintiff appeared to have several applications pending, using different claim numbers, and thus that it wasn't clear whether the SSA had terminated any of her applications, and if so, which ones. <u>Id.</u> at 4. The defendant also pointed out that the plaintiff hadn't finished the administrative process yet. <u>Id.</u> at 4-5. For these reasons and others, the defendant argued that the plaintiff had not demonstrated (a) a reasonable likelihood of success on the merits of her claim, (b) the fact that she had no

2

adequate remedy at law, and (c) the fact that she would suffer irreparable harm if the court did not grant the preliminary injunction. Id. at 3-5.

Shortly after the defendant filed that response, the plaintiff asked the court to allow her to withdraw the preliminary injunction motion without prejudice. Dkt. No. 13. She indicated that she had been working (as of late October) with a new person at the SSA, and that it was possible that she would be able to work out some, if not all, of her concerns with that person. Id. at 2.

The court agrees with the Commissioner that the plaintiff has not met the standard for issuance of a preliminary injunction. The court also acknowledges that the plaintiff has asked the court to allow her to withdraw that motion. The court will grant the motion, and allow the plaintiff to withdraw the motion for preliminary injunction without prejudice.

C.    Motion to Proceed Without Pre-Paying the Filing Fee

Along with the complaint, the plaintiff filed an affidavit in support of her motion that the court allow her to proceed with the case without paying the filing fee. Dkt. No. 2. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

In the affidavit, the plaintiff indicates that she is married, but neither she nor her spouse are employed, they have no dependents, and she receives $30 per month income. She does not own a vehicle, but has $20 in a checking account. She indicates that she does own some property of value, but that the

value is undetermined. The plaintiff states that her monthly expenses total about $809, including $300 for rent, $100 for credit card payments, $250 for household expenses, $40 for telephone and $119 for storage fees.

Thus, the plaintiff's household has a net income of $30 per month, minimal additional assets, and expenses of $809 per month. The court concludes from this information that the plaintiff has demonstrated that she cannot pay the full amount of the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013). It does not appear, based on the defendant's assertions in her opposition to the plaintiff's motion for a preliminary injunction, that the time is ripe for the plaintiff to file an appeal under §405(g).

The plaintiff has made a number of claims, however, that the defendants did not give her the same opportunity to use the SSA and SSI procedures that it gives younger people, or people who are not African-American. The defendants have asked for—and received—additional time to review these

allegations. Dkt. No. 14 (motion for additional time); text-only order of November 3, 2016. Accordingly, the court cannot conclude at this time that the plaintiff's allegations with regard to due process and equal protection are frivolous. The court will grant the plaintiff's request to proceed without prepaying the filing fee.

D.   <u>Current State of the Case</u>

As indicated above, the defendants asked the court to give them more time to investigate the plaintiff's claims before filing an answer. Dkt. No. 14. In addition, the plaintiff indicated that she has been working with SSA to try to resolve some of the issues that caused her to file her complaint in the first place. Currently, the defendants' answer to the complaint is due on December 19, 2016. If the defendants need additional time to investigate, they may ask the court for that additional time. If the defendants file an answer on December 19, 2016, the court then will set a scheduling order, giving the parties deadlines for exchanging information and for filing motions.

E.   <u>Conclusion</u>

The court **GRANTS** the plaintiff's motion for leave to amend her complaint. Dkt. No. 7. The court **ORDERS** that the clerk's office shall docket the document at Dkt. No. 7-1 as the operating complaint. The court further **ORDERS** that if and when the defendants answer or respond, they shall answer or respond to the amended complaint.

The court **GRANTS** the plaintiff's motion to withdraw her motion for a preliminary injunction, **WITHOUT PREJUDICE** to her refiling the motion in the future if circumstances require it. Dkt. No. 13.

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 13th day of December, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge